# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TIMOTHY GADSON, a/k/a Tanaka,
*Defendant-Appellant.*

No. 02-4740

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-01-817)

Submitted: October 1, 2003

Decided: November 13, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Gadson appeals his convictions and life sentence for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000); four counts of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), 2 (2000); and interference with commerce by threat or violence, in violation of the Hobbs Act, 18 U.S.C. § 1951 (2000). Gadson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising sufficiency of the evidence but stating that he finds no meritorious grounds for appeal. Gadson filed a pro se supplemental brief raising several additional issues. The United States declined to file a brief. Finding no reversible error, we affirm.

In the *Anders* brief, counsel challenges the sufficiency of the evidence as to each count of conviction. Viewing the evidence in the light most favorable to the Government, and assuming that the jury resolved all contradictions in the testimony in favor of the Government, we conclude that the evidence presented at trial is sufficient to support each conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (defining the test for conspiracy); *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (outlining the test for § 924(c)); *United States v. Bengali*, 11 F.3d 1207, 1211 (4th Cir. 1993) (stating the test for the Hobbs Act).

In his pro se supplemental brief, Gadson argues that his life sentence for conspiracy is unconstitutional because he is not a career offender. However, after careful review of the record, we conclude that the district court properly sentenced Gadson as a career offender. *See U.S. Sentencing Guidelines* § 4B1.1 (2001). We have reviewed the remainder of the claims in Gadson's pro se supplemental brief and concluded that they are without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We there-

fore affirm Gadson's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*